UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT CEO JAKE CHATTERS, et al.,<br><br>　　　　　　Defendants. | No.  2:13-cv-2007 KJM DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, Derek Todd, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

　　　　Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

1

proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's forty-page complaint now before the court does not contain a short and plain statement of plaintiff's claim showing that he is entitled to relief. Moreover, the subject matter of the complaint concerns plaintiff's state court family law matter over which, as plaintiff

1  has been repeatedly advised, this federal court has no jurisdiction.

2  For example, in his complaint plaintiff alleges that "[d]efendant Anastasakes, a family law clerk, refused to schedule a hearing date for Plaintiff to litigate for his daughter's custody and visitation rights," that "[d]efendant Sweeney, a master calendar clerk," informed plaintiff that "a child custody hearing was not going to be scheduled for the Plaintiff until she heard back from a judge," and that "[d]efendant Chatters did not order Defendant Sweeney or Defendant Anastasakes to schedule a child custody hearing for the Plaintiff." (Compl. (Dkt. No. 1) at 2, 7-8.) The complaint also alleges that "[d]efendant Boldin was the public defender for Defendant Hoffman in an upcoming hearing for a contempt trial in the Plaintiff's family law case," (Id. at 15), and that defendants Chatters, Sweeney, Anastasakes and Hoffman conspired "to deprive the Plaintiff's custody and visitations rights to his daughter by refusing to schedule a child custody trial because he was disabled." (Id. at 16.)

The court finds it appropriate to take judicial notice of plaintiff's previously filed lawsuits.[1] "Since 2011 . . . plaintiff has filed approximately 25 civil rights actions in this court, of which 16 have already been dismissed."[2] Todd v. Canby, No. 2:13-cv-1018 GEB AC PS, 2013 WL 5955065, at *2 (E.D. Cal. Nov. 7, 2013). Many of those lawsuits also implicated plaintiff's state court family law matter and named as defendants the defendants named in this action. See Todd v. Drozd, et al., No. 2:13-cv-2071 KJM CKD PS; Todd v. McElhany, et al., No. 2:12-cv-1378 MCE EFB; Todd v. Ross, et al., No. 2:13-cv-1860 LKK DAD PS; Todd v. Bahrke, et al., No. 2:13-cv-0657 JAM CKD PS; Todd v. Wood, et al., No. 2:13-cv-0218 KJM EFB PS.

---

[1] A court may take judicial notice of its own files and documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000); see also FED. R. EVID. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

[2] Plaintiff's frequent and repeated filing of frivolous lawsuits has caused him to be declared a vexatious litigant in this district. See Todd v. Canby, No. 2:13-cv-1018 GEB AC PS. That order was entered, however, after plaintiff filed this action.

Thus, as plaintiff has been repeatedly advised, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164). See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it

>     must also refuse to decide any issue raised in the suit that is
>     'inextricably intertwined' with an issue resolved by the state court
>     in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158). See also Exxon, 544 U.S. at 286 n. 1 (stating that "a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Moreover, the Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). Thus, Younger abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions.[3] Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc). State judicial proceedings involving domestic relations implicate important state interests. See Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention where the case raised constitutional issues but was "at its core a child custody dispute"); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (finding abstention appropriate despite the presence of

/////

---

[3] It appears from reading plaintiff's complaint that there are such ongoing state proceedings involved here since plaintiff alleges that "[d]efendant Boldin was the public defender for [d]efendant Hoffman in an upcoming hearing for a contempt trial in the Plaintiff's family law case." (Compl. (Dkt. No. 1) at 15.)

5

constitutional issues where the plaintiff sought visitation with children who were wards of the state court).

Finally, the court notes that, aside from defendant Sondra Hoffman the mother of plaintiff's child, the defendants named in this action are state court personnel and a county public defender.[4]  However, court personnel have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process.  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002).  Moreover a public defender is not a state actor subject to suit under § 1983 because her function is to represent her client's interests, not those of the state or county.  See Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

For all the reasons set forth above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend his pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's September 26, 2013 application to proceed in forma pauperis (Dkt. No. 3) be denied;

---

[4] With respect to defendant Hoffman, the complaint alleges nothing more than the bare allegation that she and the other defendants "conspired" to violate plaintiff's rights.  (Compl. (Dkt. No. 1) at 9, 15, 16, 17.)  Such vague and conclusory allegations are insufficient to state a claim of conspiracy.  See Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir.1998); Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997); Buckey v. Cnty. of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989).

      2. Plaintiff's September 26, 2013 complaint (Dkt. No. 1) be dismissed without leave to amend; and

      3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 27, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\todd2007.ifp.den.f&rs